## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BEVERLY CUNNINGHAM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 5:25-cv-00383** |
| **v.** | § | |
| | § | |
| **PHH MORTGAGE CORPORATION** | § | |
| | § | |
| **Defendant**. | § | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant PHH Mortgage Corporation ("PHH or "Defendant") files this notice of the removal of this action from the 225th Judicial District Court for Bexar County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity jurisdiction  Defendants respectfully shows as follows:

### INTRODUCTION

1.      On or about March 31, 2025, Plaintiff Beverly Cunningham ("Plaintiff") filed suit under Cause No. 2025-CI-07248 in the 225th Judicial District Court for Bexar County, Texas and originally styled *Beverly Cunningham v. PHH Mortgage Corporation* (the "State Court Action").  A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto within the contents of Exhibit B.

2.      The allegations in the Petition relate to a deed of trust and foreclosure proceedings on the real property and improvements located at located at 226 Stolnet Street, San Antonio, Texas 78220 (the "Property"). *See Pl's Pet.* at ¶5. In the Petition, Plaintiff alleges Defendant has not properly accounted for all payments made or, alternatively, has posted charges or expenses

that are not authorized by law or contract. *Id.* at ¶7. For these alleged wrongs, Plaintiff asserts a cause of action for declaratory judgment to determine whether Plaintiff to determine whether Defendant properly accounted for payments made under the Note. Id. at ¶17. Plaintiff seeks declaratory relief, injunctive relief, attorney's fees, and costs of court. *Id.* at Prayer.

3.     This Notice of Removal is timely in accordance with 28 U.S.C. Section 1446(b). Defendant has not been served or appeared in the State Court Action, and less than thirty (30) days have passed since Plaintiff filed its Original Petition, making the action removeable.

4.     This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY

**A.     There is complete diversity.**

  **1.     The parties are diverse.**

5.     There is diversity jurisdiction in this Court because there is complete diversity of citizenship between the proper parties and more than $75,000.00 is in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

6.     Plaintiff is an individual domiciled in Bexar County, Texas. Therefore, Plaintiff is a citizen of Texas for diversity purposes.

7.     PHH Mortgage Corporation is a corporation formed under the laws of New Jersey with its principal place of business in Mount Laurel, New Jersey. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 88-89, (2005). Therefore, Defendant PHH Mortgage Corporation is a citizen of New Jersey for diversity purposes. *Id.*

**B.    The amount in controversy exceeds $75,000.00.**

8.    "In actions seeking declaratory relief of injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996).  Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). In addition, when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.  *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)). Therefore, the amount in controversy with respect to Plaintiffs' claims is the fair market value of the property.

9.    Moreover, Plaintiff seeks injunctive relief to bar any foreclosure proceedings or any transfer of an interest in real property, the property is the object of the present litigation. *Farkas v. GMAC Mortgage, L.L.C.,* 737 F.3d. 338 (5th Cir. 2013). ("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by GMAC and Deutsche Bank, establishes the properties as the object of the present litigation"). "In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* at *5 (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973).

10.     According to the records of Bexar County Appraisal District, the property at issue has an approximate value of $120,590.00. A true and correct copy of the Property Search Results from the Bexar County Appraisal District is attached hereto as Exhibit C-1. and is incorporated herein, and the Court may take judicial notice of the appraised value of the Property from the Bexar County Central Appraisal District's public website at bcad.org by searching using the Property address or Property Account 461437. *See* FED. R. EVID. 201; *Kew v. Bank of Am., N.A.,* No. H-11-2824, 2012 WL 1414978, at 3 n.4 (S.D. Tex. Apr. 23, 2012) (taking judicial notice of appraised value of property published on Harris County Appraisal District's website to satisfy amount in controversy requirement in removed mortgage foreclosure litigation).

11.     Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## VENUE

12.     Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 225th Judicial District Court for Bexar County, Texas, the forum in which the removed action was pending.

## NOTICE

13.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for 225th Judicial District Court for Bexar County, Texas.

14.     The contents of Exhibit B constitute the entire file of Cause No. 2025CI07248 in the 225th Judicial District Court for Harris County, Texas.

## CONCLUSION

For the reasons described above, Defendant PHH respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: _/s/ Nicholas M. Frame_
**NICHOLAS M. FRAME**
Texas Bar No. 24093448
nframe@mwzmlaw.com

**CRYSTAL G. GIBSON**
Texas Bar No. 24027322
cgibson@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT, PHH**

## List of all Counsel of Record

For Plaintiff

Nathan C. Cace
Texas Bar No. 24055246
nathan@cacelaw.com
6609 Blanco Road, Suite 235
San Antonio, Texas 78216
Telephone: (210) 874-2223
Facsimile: (210) 579-2023

For Defendant

Nicholas M. Frame
Texas Bar No. 24093448
nframe@mwzmlaw.com
Crystal G. Gibson
Texas Bar No. 24027322
cgibson@mwzmlaw.com
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

## INDEX OF DOCUMENTS ATTACHED

Exhibit A       Copy of the Docket Sheet for Cause No. 2025CI07248 in the 225th Judicial District Court for Bexar County, Texas;

Exhibit B       Pleadings in Cause No. 2025CI07248 in the 225th Judicial District Court for Bexar County, Texas;

    B-1       Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction, March 31, 2025;

    B-2       Cash Bond; March 31, 2025;

    B-3       Temporary Restraining Order, April 1, 2025;

    B-4       Letter to District Clerk Request Copies, April 10, 2025;

Exhibit C       Declaration of Nicholas M. Frame

    C-1       Data Sheet from the Bexar County, Texas Appraisal District web-site on April 4, 2025

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on April 10, 2025, a true and correct copy of the foregoing was served via regular U.S. mail on the following counsel:

Nathan C. Cace
6609 Blanco Road, Suite 235
San Antonio, Texas 78216
Nathan@Cacelaw.Com
*Attorneys for Plaintiff*

                                        */s/ Nicholas M. Frame*
                                        **NICHOLAS M. FRAME**